992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Anthony J. PARNISI, Plaintiff-Appellant,
v.
COLORADO STATE HOSPITAL, Dr. Carmel, Dr. Z. David, and Dr.
Fisher, Defendants-Appellees.
 No. 92-1368.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGEMENT**
 EBEL, Circuit Judge.
 
 
 1
 In this pro se appeal, the appellant challenges the district court's order dismissing his § 1983 complaint against the Colorado State Hospital in Pueblo, Colorado,[1] where the defendant is currently a patient, and three of its physicians. The appellant filed his complaint in forma pauperis, alleging that the appellees violated his Fifth Amendment due process rights, as well as his Eighth and Ninth Amendment rights, by denying him medical treatment for his damaged heart and brain and by falsifying medical records to cover up their denial of medical treatment.[2] The district court found the appellant's allegations to be frivolous and dismissed the appellant's complaint under 28 U.S.C. § 1915(d). We affirm in part and reverse in part.
 
 
 2
 The federal in forma pauperis statute is designed to ensure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Accordingly, 28 U.S.C. § 1915(a) permits an indigent litigant to commence a civil or criminal suit without prepayment of fees or costs. See 28 U.S.C. § 1915(a). To prevent abusive litigation, however, 28 U.S.C. § 1915(d) allows an in forma pauperis suit to be dismissed if the suit is frivolous. See 28 U.S.C. § 1915(d). A suit is frivolous if it is based on "an indisputably meritless legal theory" or a "fanciful factual allegation." Neitzke, 490 U.S. at 325, 327. A factual allegation is fanciful if it is so "fantastic or delusional" as to be "clearly baseless." Id. at 327, 328. Since dismissal under § 1915(d) is discretionary, we review such a dismissal under an abuse of discretion standard. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987).
 
 
 3
 We agree with the district court's conclusion that the appellant's Fifth and Ninth Amendment claims are frivolous. The Fifth Amendment due process clause only protects against due process violations caused by the federal government. See Public Utilities Comm'n v. Polak, 343 U.S. 451, 461 (1952); Gomez v. North Dakota Rural Development Corporation, 704 F.2d 1056, 1058 (8th Cir.1983); Brown v. D.C. Transit System, 523 F.2d 725, 727 (D.C.Cir.1975), cert. denied, 423 U.S. 862 (1975); Lawrence H. Tribe, American Constitutional Law, § 10-7, at 663 (2d ed. 1988). In the instant case, there is no allegation of federal government involvement in the deprivation of medical care or the falsification of medical records claimed by the appellant. The hospital where the defendant is a patient is a state hospital and its physicians are state employees. State actors are subject to the due process clause of the Fourteenth Amendment, not the Fifth Amendment. See United States ex rel. Cole v. Gramley, 750 F.Supp. 1385, 1388 (N.D.Ill.1990); Tribe, § 10-7, at 663. The due process clause in the Fourteenth Amendment is discussed above in footnote two.
 
 
 4
 Although the Ninth Amendment may restrict the activities of state actors, see Griswold v. Connecticut, 381 U.S. 479, 484 (1965); id. at 486-94 (Goldberg., J., concurring), it has never been applied to prevent the denial of medical treatment to prisoners. Indeed, such an application would be inappropriate, since the Ninth Amendment only protects those rights not otherwise "enumerat[ed] in the Constitution," U.S. Const. amend. IX, and the Eighth Amendment specifically addresses itself to the mistreatment of prisoners, see Hudson v. McMillan, 112 S.Ct. 995 (1992). We conclude, therefore, that the appellant's Fifth and Ninth Amendment claims are based on indisputably meritless legal theories and thus were properly dismissed by the district court under § 1915(d).
 
 
 5
 However, we find that the district court abused its discretion in dismissing the appellant's Eighth Amendment claim as applied to the states through the Fourteenth Amendment. It is well-established that the denial of medical care to a prisoner may amount to cruel and unusual punishment in violation of the Eighth Amendment if it amounts to "deliberate indifference." See Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the instant case, the appellant clearly alleges that the appellees have acted with deliberate indifference. Not only does he claim that the appellees have purposefully refused to treat his brain and heart condition, but he also claims that they have sought to cover-up their refusal to treat him by falsifying his medical records. Accordingly, we do not believe it can be said that the appellant's claim is based on an indisputably meritless legal theory.
 
 
 6
 Nor do we believe the appellant's factual allegations may be characterized as fanciful. While it may be unlikely that three doctors at the Colorado State Hospital have conspired to deny the appellant medical care, this factual scenario is not so fantastic or delusional as to be clearly baseless.[3] We conclude, therefore, that the appellant's Eighth Amendment claim should not have been dismissed under § 1915(d) and remand this claim to the district court for further proceedings.
 
 
 7
 The judgment of the district court dismissing the appellant's Fifth and Ninth Amendment claims is AFFIRMED. The judgment of the district court dismissing the appellant's Eighth Amendment claim is reversed and this claim is REMANDED to the district court for further proceedings. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The hospital is currently known as the Colorado Mental Institute
 
 
 [2]
 The appellant also alleges on appeal that the appellees violated his Fourteenth Amendment right to equal protection. Since this claim was not raised below, we decline to consider it. See Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). We need not decide whether the appellant's reference to the Fourteenth Amendment should also be construed to raise a due process claim, an argument which was raised below, under the liberal pleading standard applied to pro se submissions. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir.1991). In the prison context, the Fourteenth Amendment's due process clause ordinarily affords no greater protection to a defendant alleging mistreatment than does the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 327 (1986). Consequently, our review of the appellant's Eighth Amendment claim fully disposes of any Fourteenth Amendment due process claim the appellant may have asserted
 
 
 [3]
 The appellant has filed several other complaints concerning his lack of treatment at the Colorado State Hospital for his damaged brain and heart that contain factual allegations that might be labeled frivolous. We do not believe these allegations may be properly considered, however, in determining whether the appellant's complaint in the instant case should be dismissed under § 1915(d). While a court may "pierce the veil of [a] complaint's factual allegations" in determining whether these allegations are "clearly baseless," Neitzke, 490 U.S. at 327, this authority does not permit a court to dismiss a complaint as factually frivolous based on the pleadings in an entirely separate action